UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAHRAMAN SADIKOĞLU,<br><br>                              Plaintiff,<br><br>         - vs -<br><br>UNITED NATIONS DEVELOPMENT PROGRAMME,<br><br>                              Defendant. | No. 11-cv-0294 (PKC) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATIVE MEANS AND TO EXTEND THE TIME TO EFFECTUATE SERVICE

In accordance with the Order entered by the Court at the April 21, 2011 conference in this matter, Plaintiff, through counsel, submits this memorandum of law in support of Plaintiff's motion for service by alternative means upon Defendant, the United Nations Development Programme ("UNDP"), and for an extension of the time in which Plaintiff may serve the Summons and Complaint upon Defendant. Plaintiff's diligent efforts to effect personal service of process upon, and to engage in a dialogue with, UNDP having failed to result in the UNDP answering the Summons and Complaint, Plaintiff respectfully requests that the Court order service on UNDP by publication in the English language[1] in the *New York Times* and *Wall Street Journal* (as described in the Proposed Order, submitted herewith), accompanied by service by certified mail, return receipt requested, and service by email where official United Nations email addresses are known; as well as service pursuant to 28 U.S.C. 1608(3), and 28 U.S.C. 1608(4) if

---

[1] English is one of the six official languages of the United Nations. *See UN at a Glance,* United Nations Website, available at http://www.un.org/en/aboutun/languages.shtml (last visited May 3, 2011).

service under § 1608(3) cannot be effectuated within thirty days. As set forth below, service by publication is not limited to service out of state, and the method of service requested here is fully in line with New York precedent.

## ARGUMENT

### I. SERVICE BY PUBLICATION IS NOT LIMITED TO SERVICE PURSUANT TO CPLR §§ 314 AND 315.

New York authority provides that service by publication pursuant to CPLR §§ 308(5) and 311(b) is appropriate and may be ordered where service is otherwise impracticable, if service by publication is accompanied by other means of alternative service (such as by mail). CPLR § 315, by contrast, requires courts to order service by publication in certain classes of action where a plaintiff has not been able to effectuate service despite diligent efforts.

As stated in Weinstein, Korn & Miller, "Publication may be ordered pursuant to CPLR 308(5), but only if service cannot be made by another more effective method with due diligence." (315.01). Service by publication "*is not limited to the types of cases referred to in CPLR 314 and may also be ordered pursuant to CPLR 308(5), 310(e), and CPLR 311(b).*" Weinstein, Korn & Miller, *New York Civil Practice: CPLR*, 2d ed., § 315.00 (emphasis added); *see also id.*, § 315.03 ("Service by publication is not limited to the classes of cases designated in CPLR 314 and may also be ordered pursuant to CPLR 308(5)."); Siegel, *New York Practice* (4th ed.) § 107, at 195 (Service by publication may be ordered pursuant to CPLR 308(5), albeit as a last resort, and should be accompanied by some other method as well).

CPLR §§ 308(5) and 311(b) provide that service may be effected "in such manner" as the court directs where the customary statutory methods of service are "impracticable." *See* CPLR §§ 308(5) (service may be effected upon a natural person "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of

this section."); 311(b) (service may be effected upon a domestic or foreign corporation "in such manner, and proof of service may take such form, as the court, upon motion without notice, directs" where service as provided for under the statute is "impracticable").  CPLR §§ 308(5) and 311(b) do not require plaintiff to show any attempt to serve defendants prior to making an application.  *See Home Fed. Sav. Bank v. Versace*, 252 A.D.2d 480, 480-81 (2d Dep't 1998) (CPLR § 308(5) does not require "due diligence" or "actual prior attempts to serve a party under each and every method of the statute") (internal quotations and citations omitted).

CPLR §§ 308(5), 310(e), and 311(b) provide that the Court, upon motion without notice may use its own judgment to fashion any alternative method of service that is appropriate in a particular case.  The Court is empowered to determine where and by what means alternative methods of service, including service by publication, are appropriate and satisfy due process. New York courts have found, for instance, that "[s]ervice by publication in a mortgage foreclosure action is permissible where the mortgagor is evading service," but should be accompanied by some other form of service as well.  *Contimortgage Corp,* 48 A.D.3d at 734-35. In addition, the Advisory Committee Notes to CPLR § 315 acknowledge that service by publication is appropriate, even upon a defendant located ***within the state*** "where a defendant's whereabouts are unknown and he has no fixed location within the state."  Thus, CPLR § 315 does ***not*** limit service by publication upon defendants located outside the state, nor does it limit service by publication upon defendants in actions other than those listed in CPLR § 314 where service is impracticable and alternative methods of service may be ordered pursuant to CPLR §§ 308(5), 310(e), or 311(b).

In addition, the concerns articulated in the Advisory Committee Notes to CPLR § 315, regarding the effectiveness of service solely by publication where defendants are located outside

the state, are not relevant here. The only requirement for a method of service is that it be "reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action." *Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306, 314 (1950); *see also Hollow v. Hollow*, 193 Misc. 2d 691, 695-96 (N.Y. Sup. Ct. Oswego Co. 2002) ("it is hornbook law that a constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice") (citing *Dobkin v. Chapman*, 21 N.Y.2d 490, 502 (1968)).

It is well-established that UNDP and its officers are located in New York. Service by publication in New York would undoubtedly provide notice to UNDP. *See* Advisory Comm. Notes, CPLR § 315 (*in rem* and *quasi in rem* actions, with service by publication alone "notice is usually obtained because defendant's property is affected.").

The instant case is the rare case in which an order for service by publication upon an entity located in New York is warranted pursuant to CPLR § 311(b) (governing service upon corporations and governmental entities). Service upon corporations doing business in New York, for instance, is generally effected by service upon the corporation's designated agent. Thus, resort to service by alternative means for an entity located in New York, will almost never be required.[2] UNDP, unlike a typical corporate or governmental entity, does not have a designated agent and, indeed, has stubbornly refused to accept all attempts at service. *See generally* Sentner Aff. Interpreting CPLR § 315 as permitting service by publication *only* pursuant to CPLR §§ 314 and 315 would lead to an anomalous result whereby UNDP would be

---

[2] Notably, the former Civil Practice Act ("C.P.A.") §232-a, prior to the enactment of CPLR §§ 314 and 315, specifically listed the types of defendants upon whom service by publication could be ordered. The defendants listed were both *within* and *without* the state and included, *inter alia*, a foreign corporation; a joint stock association or other unincorporated associations with neither a president or treasurer a resident of New York; a dissolved domestic corporation; a non-resident natural person; an unknown party or party for whom the plaintiff cannot determine whether it is a resident of the state; and a resident who has left the state, will leave, or keeps himself concealed to defraud creditors or avoid service. *See* Weinstein, § 315.04, n.1.

permitted to evade the Court's jurisdiction and all liability for its actions merely by evading other methods of service of process, as it has already attempted to do. *See, e.g., Hollow*, 193 Misc. 2d at 695-96) (permitting service by email where "defendant ha[d], in essence, secreted himself behind a steel door, bolted shut").

UNDP's practices have rendered ordinary methods of service "impracticable," necessitating an alternative method of service pursuant to § CPLR 311(b). Service by publication is an appropriate alternative method of service under the highly unusual circumstances of this case. UNDP, its officers, and its legal personnel are located in New York and would undoubtedly receive notice by means of publication in a prominent New York publication.

## II. SERVICE PURSUANT TO CPLR §§ 308(5) AND 311(B) IS APPROPRIATE – SERVICE BY PUBLICATION, COUPLED WITH ANOTHER FORM OF ALTERNATIVE SERVICE, IS PERMISSIBLE UNDER CPLR §§ 308(5) AND 311(B).

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, New York Civil Practice Law and Rules provisions regarding service of process are applicable in this Court. Under the CPLR, where service on a natural person, domestic or foreign corporation, a governmental entity, or a partnership is impracticable, the Court may order service in such manner as the Court may direct. *See* CPLR §§ 308(5) (natural persons); 310(e)(partnerships); 311(b) (corporations and governmental entities).

As set forth in the Affirmation of Robert C. Sentner, dated May 4, 2011 ("Sentner Aff."), Plaintiff has diligently attempted to personally serve officers and representatives of Defendant in numerous ways, but they have avoided service. In addition, Defendant's security measures and apparent policy of refusing service make personal service upon Defendant or its officers impracticable. Hence, it is appropriate that alternative service be ordered.

It is respectfully requested that such service be comprised of:

1. Mailing the Summons and Complaint to:

    (a) Stephen Mathias, Esq., Assistant Secretary-General for Legal Affairs for the United Nations, at United Nations Headquarters, 760 United Nations Plaza, New York, New York, 10016

    (b) Patricia O'Brien, Under-Secretary General for Legal Affairs and United Nations Legal Counsel, at United Nations Headquarters, 760 United Nations Plaza, New York, New York 10016,

    (c) Antigoni Axenidou, Deputy Director of the General Legal Division of the Office of Legal Affairs, at United Nations Headquarters, 760 United Nations Plaza, New York, New York 10016,

    (d) Helen Clark, UNDP Administrator, at One United Nations Plaza, New York, New York, 10017,

    (e) Rebecca Grynspan, UNDP Associate Administrator, at One United Nations Plaza, New York, New York, 10017,

    (f) Deputy Director of Investigations at the Office of Audit and Investigations [of the United Nations], at 220 East 42nd Street, New York, New York 10017,

    (f) David Hutchinson, Principal Legal Officer, Office of Legal Counsel, at 760 United Nations Plaza, Room No. 13047, New York, New York 10016,

    (g) Daphna Shraga, Principal Legal Officer, Office of Legal Counsel, at 760 United Nations Plaza, Room No. 13047, New York, New York 10016; and

2. Emailing the Summons and Complaint to:

(a) Stephen Mathias, Esq., Assistant Secretary-General for Legal Affairs for the United Nations at mathiass@un.org,

(b) David Hutchinson, Principal Legal Officer, Office of Legal Counsel; 760 United Nation Plaza, Room No. 13047, New York, New York 10016 at dhutchinson@un.org,

(c) Daphna Shraga, Principal Legal Officer, Office of Legal Counsel at dshraga@un.org; and

3. Publishing the Summons in both *The New York Times* and *The Wall Street Journal*, in the English language, once each week for four consecutive weeks, together with a notice to Defendant, a brief statement of the nature of the action and the relief sought, and the sum of money for which judgment may be taken in case of default.

Court-ordered service by these alternative means satisfies New York's service requirements. *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06-cv-2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *8-9 (S.D.N.Y. Mar. 13, 2007) (permitting service by fax and email); *see also D.R.I. Inc. v. Dennis and National Greek Network, Inc*, 03-cv-10026 (PKL), 2004 U.S. Dist. LEXIS 22541, at *4 (S.D.N.Y. June 3, 2004) (permitting service of process by certified mail, publication, and email) *Prediction Co. v. Rajgarhia*, No. 09-cv-7459 (SAS), 2010 U.S. Dist. LEXIS 26536, at *5 (Mar. 22, 2010) (permitting service of process by email where plaintiff was unable to obtain defendant's physical address); *United States v. Machat*, No. 08-cv-973 (JGK), 2009 U.S. Dist. LEXIS 87000, at *10 (S.D.N.Y. Sept. 21, 2009) (permitting service of process on defendant by email after several failed attempts by hand delivery); *S.E.C.v. Lines*, No. 07-cv-11387 (DLC), 2009 U.S. Dist. LEXIS 69855, at *4-6 (S.D.N.Y. Aug. 7, 2009) (same); *see also Smith v. Islamic Emirate of Afghanistan*, No. 01-cv-10132 (HB), 2001 U.S. Dist. LEXIS 21712,

at *10-11 (S.D.N.Y. Dec. 26, 2001) (permitting service by publication); *Contimortgage Corp. v. Isler*, 48 A.D.3d 732, 734-35 (2d Dep't 2008) (permitting service by publication when coupled with an alternative method); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants).

### III. PLAINTIFF SHOULD BE GRANTED AN EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT.

As a result of UNDP's evasive behavior, Plaintiff has been unable to fully effectuate service of process. Therefore, Plaintiff should be given additional time under Rule 6(m) to serve UNDP. The extra time is needed because UNDP has refused to accept service despite Plaintiff's diligent, good faith efforts to effectuate service of process and notice through a variety of methods including hand delivery, certified mail, return receipt requested, and electronic mail. Upon being granted additional time and permission to serve the Summons and Complaint, Plaintiff will act immediately to effectuate service under any alternative methods that may be ordered by the Court.

### CONCLUSION

Based on the foregoing, the Court should order service on UNDP by publication in the English language in the *New York Times* and *Wall Street Journal* (as described in the Proposed Order, submitted herewith), accompanied by service by certified mail, return receipt requested, and service by email where official United Nations email address are known; as well as service pursuant to 28 U.S.C. 1608(3), and 28 U.S.C. 1608(4) if service under § 1608(3) cannot be

effectuated within thirty days; and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 5, 2011

                                      Respectfully submitted,

                                      /s/ Robert C. Sentner
                                      Robert C. Sentner
                                      Edward C. O'Callaghan
                                      Amanda L. Devereux
                                      Sherli Yeroushalmi
                                      Attorneys for Defendant
                                      NIXON PEABODY LLP
                                      437 Madison Avenue
                                      New York, New York  10022
                                      (212) 940-3000-phone
                                      (212) 940-3111-fax

                                      *Attorneys for Plaintiff*